IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY HARRIS, #M13730,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00482-SMY |
| ) | |
| **LASHBROOK,** ) | |
| **S. FURLOW,** ) | |
| **and VERSEDINO,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Bobby Harris, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint (Doc. 1), Plaintiff claims that Lawrence's food supervisor made inappropriate sexual comments to Plaintiff and tried to insert his finger into Plaintiff's buttocks on or around October 22, 2015 (Doc. 1, p. 7). When Plaintiff's wife contacted the prison to complain about the incident, Plaintiff was issued a disciplinary ticket and punished with a demotion to C-grade, segregation and lost good conduct credits (*id*.). In connection with these events, Plaintiff now sues Warden Lashbrook, Internal Affairs Officer Furlow and Food Supervisor Versedino for violating his rights under the Eighth Amendment. He seeks monetary relief (*id*. at 9).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  Plaintiff's Complaint survives preliminary review under this standard.

## The Complaint

On or around October 22, 2015, Food Supervisor Versedino allegedly made inappropriate gestures and sexual comments to Plaintiff (Doc. 1, p. 7). In view of a security camera, the food supervisor grabbed Plaintiff's "butt and tr[ied] to shove his finger into the crack" (*id.* at 7-8). Soon after the incident, Plaintiff asked his wife to contact the warden, report the incident and ask that Plaintiff be reassigned to another work detail.

Plaintiff's wife contacted Warden Lashbrook to complain and an investigation ensued (*id*. at 7).  During the course of the investigation, Internal Affairs Officer Furlow informed Plaintiff that Versedino "admitted to making said comments" but denied touching Plaintiff inappropriately (*id*. at 7-8).  Officer Furlow then attempted to coerce Plaintiff into changing his story by threatening him with criminal charges (*id*. at 8).  When Plaintiff refused, Furlow issued him a disciplinary ticket for impeding or interfering with an investigation and giving false information to an employee (*id*. at 11).  Following a disciplinary hearing on October 31, 2015, Plaintiff was found guilty of both rule violations.  He was punished with three months of C-grade, three months of segregation and one month of lost good conduct credit or SGT (*id*. at 11-12).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court

deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following counts.

> **Count 1:** Food Supervisor Versedino violated Plaintiff's Eighth Amendment rights by making inappropriate sexual comments and gestures toward Plaintiff and trying to insert a finger into his buttocks on or around October 22, 2015.
>
> **Count 2:** Warden Lashbrook and Officer Furlow failed to protect Plaintiff from a known risk of harm in violation of the Eighth Amendment.
>
> **Count 3:** Warden Lashbrook, Officer Furlow, and Food Supervisor Versedino retaliated against Plaintiff for complaining about the incident that occurred on October 22, 2015 by issuing him a false disciplinary ticket.
>
> **Count 4:** Plaintiff was deprived of a protected liberty interest without due process of law when he was punished with three months of C-grade, three months of segregation, and one month of lost good conduct credit for the false disciplinary ticket, in violation of the Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion as to their merit.

## Count 1

The Complaint articulates a viable Eighth Amendment claim against Food Supervisor Versedino. The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. This prohibition against cruel and unusual punishment bars prison officials from "unnecessarily and wantonly inflicting pain on inmates." *Rivera v. Drake*, 497 Fed. Appx. 635, *2 (7th Cir. 2012) (citing *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)).

Claims like the one Plaintiff describes in the Complaint typically arise in the context of strip searches. In this context, the Seventh Circuit has recognized that "searches that are maliciously motivated, unrelated to institutional security, and lack a legitimate penological justification violate the Eighth Amendment." *Id*. (citations omitted). An Eighth Amendment claim arises when the search is "conducted in a harassing manner [that is] intended to humiliate and cause psychological pain." *Mays v. Trancoso*, 412 Fed. Appx. 899, *3 (7th Cir. 2011) (citing *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *see Whitman*, 368 F.3d at 934; *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). The Seventh Circuit has also observed that "sexual ridicule and female spectators during a strip search can reasonably lead to the conclusion that the search was intended to humiliate." *Mays*, 412 Fed. Appx. 899, *3 (citing *Calhoun*, 319 F.3d at 940).

Construing the complaint allegations liberally in Plaintiff's favor, the Complaint states an Eighth Amendment claim against Versedino under this standard. The allegations suggest that this defendant's comments, gestures and contact with Plaintiff were unrelated to a legitimate penological purpose and were intended only to humiliate and harass Plaintiff. Accordingly, Count 1 shall receive further review against Food Supervisor Versedino. However, the claim shall be dismissed with prejudice against all other defendants as they were not present during the incident.

## Count 2

The Complaint fails to articulate an Eighth Amendment failure to protect claim against Warden Lashbrook or Officer Furlow. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the United States Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also*

*Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Likewise, prison officials have a duty to protect prisoners from violence at the hands of other prison officials.

To succeed on a failure to protect claim, a plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Pinkston*, 440 F.3d at 889. A plaintiff must also prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who harmed Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here, there are no allegations suggesting that Warden Lashbrook or Officer Furlow knew of an impending harm to Plaintiff *before* the incident in question and failed to take action to prevent harm from occurring. Likewise, the Complaint does not suggest that Plaintiff was subjected to further harassment or unwanted contact by Defendant Versedino *after* he notified the defendants about the incident that occurred on October 22, 2015. For these reasons, Count 2 shall be dismissed without prejudice against Warden Lashbrook and Officer Furlow. This claim is considered dismissed with prejudice against Food Supervisor Versedino.

## Count 3

The Complaint states a viable First Amendment retaliation claim against Officer Furlow, but no other defendants. Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830

F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000)). Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman,* 226 F.3d at 573 (citation omitted).

Plaintiff alleges that he was issued a false disciplinary ticket after his wife complained about the sexual comments, gestures, and contact made by Food Supervisor Versedino. After investigating the matter, Officer Furlow acknowledged that Versedino admitted to some of this conduct, but still attempted to coerce Plaintiff into withdrawing his claim. When Plaintiff refused, Furlow allegedly issued him a disciplinary ticket.

At this early stage in litigation, the allegations support a retaliation claim against Officer Furlow. However, because the allegations do not suggest that Food Supervisor Versedino or Warden Lashbrook had any involvement in issuing the ticket, no retaliation claim is stated against them. Accordingly, Count 3 shall proceed against Officer Furlow, but is subject to dismissal without prejudice against Food Supervisor Versedino and Warden Lashbrook.

### Count 4

Plaintiff cannot proceed with his Fourteenth Amendment due process claim at this time.

This claim arises from the issuance of a disciplinary ticket on October 26, 2015. The ticket charged Plaintiff with impeding or interfering with an investigation and giving false information to an employee (Doc. 1, p. 11). Plaintiff was found guilty of both rule violations at a disciplinary hearing and was punished with three months of C-grade, three months of segregation and one month of lost good conduct credit or SGT (*id*. at 11-12). Despite the fact that he unsuccessfully appealed the decision, Plaintiff now seeks monetary damages to compensate him for a violation of his due process rights.

Under *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994), a prisoner cannot bring a civil rights claim for money damages based on an allegedly unconstitutional disciplinary action that includes the revocation of good conduct credit, unless the disciplinary "conviction" is overturned or expunged. For purposes of *Heck*, a disciplinary action is equivalent to a conviction and sentence.

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (emphasis in original). *See also Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (*Heck* bar means that a plaintiff has no claim to pursue so long as the punishment imposed remains in force); *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008).

In other words, Plaintiff cannot bring a claim challenging the disciplinary action taken against him because a judgment in his favor would "necessarily imply" that the disciplinary

action is invalid.  His civil rights claim ripens only when the disciplinary decision is reversed or otherwise invalidated.  *See Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006).  The Complaint does not suggest that the disciplinary decision was ever overturned.  Therefore, Plaintiff's due process claim as it relates to the ticket issued on October 26, 2015 is *Heck*-barred and must be dismissed.  However, the dismissal shall be without prejudice to Plaintiff raising this claim, should he wish to do so, if and when the decision is overturned.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) shall be **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **GRANTED in part**, with respect to Defendants Versedino and Furlow, and **DENIED in part**, with respect to Defendant Lashbrook.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **VERSEDINO** and **DISMISSED** with prejudice against Defendants **LASHBROOK** and **FURLOW** for failure to state a claim upon which relief may be granted against these defendants.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against Defendants **LASHBROOK** and **FURLOW** and with prejudice against Defendant **VERSEDINO** for failure to state a claim upon which relief may be granted against these defendants.

**IT IS ORDERED** that **COUNT 3** is subject to further review against Defendant **FURLOW** and **DISMISSED** without prejudice against Defendants **LASHBROOK** and **VERSEDINO** for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that **COUNT 4** is **DISMISSED** without prejudice against all of the defendants because it is *Heck*-barred.

As to **COUNT 1** against Defendant **VERSEDINO** and **COUNT 3** against Defendant **FURLOW**, the Clerk of Court shall prepare for Defendants **VERSEDINO** and **FURLOW**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 22, 2016**

                                                    **s/ STACI M. YANDLE**
                                                    **U.S. District Judge**